Sayre, J.
This is an action by defendants in error to recover two hundred and fifty dollars, the *368 amount of a certified check which accompanied their bid for street paving in Pomeroy. The bid was accepted by council, but defendants in error failed to enter into a contract and execute a bond within ten days, as required by the instructions to bidders, and the contract was subsequently awarded to another. The check was cashed by the village and the proceeds thereof passed to its treasury. The records of the council are silent as to any forfeiture by the council of the money evidenced by the certified check.
The statute, Section 4222, General Code, provides in part:
“Each such bid shall contain the full name of every person or company interested in it and shall be accompanied by a sufficient bond or certified check on a solvent bank that, if the bid is accepted, a contract will be entered into and the performance of it properly secured.”
The notice to the contractors contained this provision :
“Each bid. must be accompanied by a certified check in the sum of $250,00 as a guaranty that if said bid is accepted a contract will be entered into and its performance properly secured.”
The “Instructions to Bidders,” which were made part of the plans and specifications, and to which the bid of defendants in error was attached, contained the following language:
“The bond shall be for an amount equal to the amount of the bid. Or the bidder may, at his option, file with the clerk a certified check for the sum of three hundred dollars. The same to be payable to the village if the bidder fails to enter into con *369 tract within ten days after the acceptance of his bid by the council.”
The notice to the contractors provides that the check shall be a guaranty that the contract will be entered into and its performance properly secured, and the “Instructions to Bidders” provide that the check shall be payable to the village if the bidder fails to enter into the contract.
So, if the village was authorized by the statute to make the certified check such guaranty, and payable to the village in case the bidder failed to enter into the contract, then the contention of the plaintiff in error must be upheld.
It will be observed that the statute is silent as to what shall be done with the certified check if the contract is not entered into. But certainly the legislature never intended that the furnishing of the certified check should be a meaningless performance. The purpose of the bond or check required by Section 4222 is to compel the bidder to enter into the contract if his bid is accepted, or lose the amount thereof if he fails or refuses to do so. Further, it is to compensate the municipality, to some extent at least, for loss of time required to again advertise, if that is necessary, for the expense of advertising, and for being required, possibly, to pay a greater sum for the work to be performed. The amount of the bond or check stands as liquidated damages for the'loss sustained by the'village. The council by fixing the amount beforehand, and the bidder by his making a bid, have fixed a definite sum as damages for the failure on the part of the bidder to enter into the contract. Wheaton Build *370 ing & Lumber Co. v. City of Boston, 204 Mass., 218, 90 N. E. Rep., 598, and 3 McQuillin on Municipal Corporations, Section 1221.
The fact that the council has not passed an ordinance formally forfeiting the amount of the certified check is not a defense, as it seems to us. By its refusal to pay over the money there is an actual forfeiture, and this is sufficient.
The judgment will be reversed and a judgment may be entered in favor of the plaintiff in error.

Judgment accordingly.

Walters and Middleton, JJ., concur.